**Ron E. McFARLAND, d/b/a Landscaper's Service, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Clayton Ferrell, Respondents.**

**No. 85CA0626.**

Colorado Court of Appeals, Div. I.

June 12, 1986.

Waller, Mark & Allen, P.C., Kevin D. Allen, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

No Appearance for respondent Clayton Ferrell.

TURSI, Judge.

Ron E. McFarland, the employer, seeks review of a final order of the Industrial Commission finding that his business was obligated to pay unemployment insurance taxes. The sole issue on review is whether McFarland's employees perform "agricultural labor," which does not constitute "covered employment" under § 8–70–103(10) and (11), C.R.S. (1985 Cum.Supp.). We affirm the order.

McFarland, doing business as Landscaper's Service, contested a Division of Labor finding that he was liable for unemployment insurance taxes. The evidence at the hearing established that McFarland ran a business which harvested living native trees. McFarland and his workers would either obtain a permit from a governmental landowner or pay a fee to a private landowner, enter the area, dig up native trees, package them, and transport them. McFarland alone would then sell the trees to landscapers and retail nurseries.

Section 8–70–103(11)(a)(I), C.R.S., provides that covered employment does not include "agricultural labor." "Agricultural labor" is defined in § 8–70–103(11)(a)(I)(A), C.R.S., as service performed:

"On a farm in the employ of any person, in connection with cultivating the soil, or in connection with raising or harvesting any agricultural or horticultural commodity."

Therefore, the controlling issue is whether the work is done "on a farm" pursuant to the statute. Section 8–70–103(11)(a)(II), C.R.S., states that the term farm,

"includes stock, dairy, poultry, fruit, furbearing animal, and truck farms, plantations, ranches, nurseries, ranges, greenhouses, or other similar structures *used primarily* for the raising of agricultural or horticultural commodities and orchards." (emphasis supplied)

Here, the evidence established that McFarland harvests the trees either on private ranchland or on public land, *e.g.*, Bureau of Land Management or National Forest lands. The undisputed evidence further established that the land was in an untouched or natural state and had not been used, primarily or otherwise, in the raising of agricultural or horticultural commodities. Therefore, under the circumstances here, the work was not done "on a farm," and, as a matter of law, it does not constitute exempt agricultural labor.

The order is affirmed.

PIERCE and BERMAN, JJ., concur.